UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOROTHEA FAY ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:16-cv-00284-RLM-SLC |
| LOCAL #682 AMALGUMATED TRANSIT UNION, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a letter from pro se Plaintiff Dorothea Rogers, which the Court construes to be motion for appointment of counsel in this § 1983 action against her labor union and its officers for their alleged failure to defend her against unjustified termination by her employer. (DE 20). Because Rogers's case is not a difficult one at this juncture, and since she is competent to litigate it, the motion will be DENIED.

*A. Legal Standard*

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent

to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id.* at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## B. Analysis

Applying the foregoing analysis to the instant circumstances, it is difficult at this early stage of the case to assess the merits of Rogers's claims. To begin, there is no evidence that Rogers has contacted any attorneys concerning this case. Thus, she fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if she had satisfied this threshold requirement, there is nothing to suggest that Rogers is not competent to represent herself in this matter. While Rogers states in her letter that her case is set for trial on November 7, 2016, that date is actually the date of the preliminary pretrial conference, at which discovery and other initial deadlines in this matter will be set. Furthermore, the facts of this case are within Rogers's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Moreover, there is nothing in the record to indicate that Rogers is incarcerated, and thus, she has the freedom and ability to perform her own legal research.

As to Rogers's inability to pay for her representation, the record reflects that she initially applied for permission to proceed *in forma pauperis* in this matter. (DE 2). The Court denied her application, finding that she had not provided sufficient information for the Court to determine her financial status. (DE 4). The Court did, however, permit Rogers an opportunity to submit another application that fully detailed her financial status. (DE 4). Rogers did not file another application to proceed *in forma pauperis*; rather she paid the $400 filing fee. (DE 5). Thus, Rogers is not indigent on the record before the Court.

In sum, Rogers has not established her inability to pay; she has not shown that she has made a reasonable attempt to obtain counsel; and she appears to be competent and fully capable of representing herself in this suit at this juncture. *See Zarnes*, 64 F.3d at 289. Consequently, her motion will be DENIED. In the event Rogers's claims survive any motions for summary judgment and proceed to trial, the Court will, upon further motion, reconsider her request for counsel. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when

it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

### C. Conclusion

For the reasons stated herein, Rogers's motion requesting the appointment of counsel (DE 20) is DENIED. Rogers is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Entered this 12th day of October 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge