UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOROTHEA FAY ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: 1:16-CV-0284 |
| v. | ) |
| | ) |
| Local #682 AMALGUMATED TRANSIT UNION, et al. | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Dorothea Fay Rogers, *pro se*, originally filed this lawsuit asserting violations of 42 U.S.C. §1983 against her union and individuals associated with her union. [DE 1]. Defendants filed a Motion to Dismiss [DE 23] asserting that the Complaint failed to state a claim under §1983 because none of the defendants named were state actors, as is required to sustain a claim under that statute. While that motion was briefing out, Plaintiff filed an Amended Complaint [DE 26], which we are required to construe liberally given the Plaintiff's *pro se* status, asserting what appear to be claims for breach of the duty of fair representation and breach of the collective bargaining agreement under §301 of the Labor Management Relations Act, 29 U.S.C. §185.

The filing of the Plaintiff's Amended Complaint moots the pending motion dismiss the original complaint. *See Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204–05 (7th Cir.1998) (an amended complaint supersedes a prior complaint); *Aqua Finance, Inc. v. Harvest King, Inc.*, No. 07-C-15, 2007 WL 5404939, *1 (W.D. Wis. Mar. 12, 2007) ("Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss."). Thus, the

Defendant's motion to dismiss [DE 23] the original Complaint is DENIED as moot.[1]  To the extent the Defendant's believe that the Amended Complaint fails to state a claim, they may pursue that avenue by way of a new Motion to Dismiss addressing with specificity the reasons they believe the Amended Complaint is insufficient pursuant to Fed.R.Civ.P. 12(b)(6).

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion to Dismiss the original Complaint, [DE 23] is DENIED as MOOT.

SO ORDERED.  This 5th day of July, 2017.

s/ William C. Lee<br>
United States District Court

---

[1] The Court recognizes that the Motion to Dismiss tangentially mentions the possibility that Plaintiff's Complaint is more appropriately based on the breach of the Union's duty of fair representation. However, the filing of the Amended Complaint, wherein the Plaintiff clarifies the nature of her Complaint, requires the Court to DENY the Motion to Dismiss the Original Complaint as it has been superseded by this filing. Further, the Amended Complaint may contain factual allegations not present in the Original Complaint that will need to be addressed by the Defendants in any subsequent Motion to Dismiss. Thus, Defendants must file a new Motion to Dismiss, if they desire, specifically addressing the allegations in the Amended Complaint and cannot rely solely on their prior filing.