UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOROTHEA FAY ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-284 |
| | ) |
| AMALGAMATED TRANSIT UNION | ) |
| LOCAL 682, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendants Amalgamated Transit Union, Ernest Johnson, Steve Sustek, Sheila Roberson, Christopher Phillip, and Robert Almarode on July 20, 2017 (ECF 37).[1] Plaintiff Dorothea Rogers filed a

---

[1] Amalgamated Transit is the union that represents individuals employed by the Fort Wayne Public Transportation Corporation, d/b/a Citilink, the city public bus system. Defendants' Memorandum in Support of Motion to Dismiss (ECF 38), pp. 2-3. Ernest Johnson is the union president, Steve Sustek is the union secretary, Sheila Roberson is the union treasurer, Robert Almarode is the union vice president, and Christopher Phillip is apparently a union official although Rogers does not include his title. Amended Complaint, p. 2. As to the Fort Wayne Public Transportation Corporation, while that entity is named as a defendant in the Amended Complaint (it was not named in the original Complaint), defense counsel states that "[t]he undersigned does not represent this entity, and it is unclear to the Union or the individual defendants whether FWPTC has ever been properly served with process in this matter." Defendants' Memorandum, p. 1. Indeed, the record does not reflect that Rogers submitted a summons for FWPTC, and the entity has not appeared by counsel, filed an answer, or otherwise responded to this lawsuit. The Court also notes that on November 15, 2016, Rogers, Amalgamated, and the individual defendants (but *not* FWPTC) filed their Report of the Parties' Planning Meeting pursuant to Fed.R.Civ.P. 26(f)). (ECF 30). The Report represents that it was entered into between "Plaintiff Dorothea Rogers . . . [and] ATU Local 682 and the individual defendants . . ." and makes no mention of FWPTC. *Id.*, p. 1. Finally, the Report states that the parties agreed that "[t]he last day any party may seek permission to join additional parties and to amend the pleadings is May 15, 2017." *Id.*, p. 2. That deadline obviously has passed and the record does not indicate that Rogers has done anything to bring FWPTC into this lawsuit. The municipal entity simply appears as a named defendant in the Amended Complaint. In any event, the Amended Complaint does not and cannot state a viable claim against FWPTC for the reasons

response in opposition to the motion on August 3, 2017 (ECF 40). The Defendants chose not to file a reply brief and so the motion is ripe for resolution. For the reasons discussed below, the motion to dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

## FACTUAL AND PROCEDURAL BACKGROUND

Dorothea Rogers, proceeding *pro se*, filed her original complaint on July 21, 2016 (ECF 1). The Defendants filed a motion to dismiss the complaint on October 27, 2016 (ECF 23) but the Court denied the motion as moot after Rogers filed an Amended Complaint on November 3, 2016 (ECF 26). *See* Opinion and Order, July 5, 2017 (ECF 36). The Defendants then filed this second motion to dismiss, which challenges the now controlling Amended Complaint. The Defendants bring their motion pursuant to Federal Rule 12(b)(6), arguing that Rogers' Amended Complaint fails to state any claim upon which relief can be granted. They are correct, although for the reasons discussed below, the Court also concludes that this case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

In her Amended Complaint, which specifically states that it is brought pursuant to 29 U.S.C. §§ 185 and 301 of the National Labor Relations Act, Rogers makes the following assertions and allegations:

1) As to Defendant Amalgamated Transit Union, Rogers contends that "Amalgamated . . . failed to represent [me] in unjustified termination from employer." Amended Complaint, p. 3, ¶ 1.

2) As to the individual Defendants, Rogers contends that they are liable to her because they did not permit her "to file a grievance over loss of health insurance," "did not defend[] the current

---

discussed in this order.

collective bargaining agreement concerning medical leave time," did "not follow[] the direction of the union attorney on action plan to reinstate petitioner to employment," "did not communicat[e] with petitioner," did "not keep[] themselves abreast to status of grievance and the communications of union attorney," and because they "acted with malice." *Id.*, ¶¶ 2-3. 3) As to FWPTC, Rogers contends that this public entity is liable to her for "dismissing petitioner while on medical leave and before contractual time of leave expired[,]" not providing her with medical insurance while she was on leave, "per collective bargaining agreement[,]" changing her job title so "as to interfere with short term disability requirement[,]" and not reinstating her to her job, all of which she claims violated the collective bargaining contract between FWPTC and Amalgamated. *Id.*, p. 4, ¶ 4.[2]

It doesn't take much in the way of inference to understand that Rogers is suing the Defendants on the basis that they failed to represent her in her challenge to her termination, that they did so out of malice, and that their actions (or failure to act) violated the collective bargaining agreement. The Defendants argue that Rogers' allegations, even when taken as true for purposes of the present motion, lack a legal foundation. The Defendants state in their motion that "[b]ecause Plaintiff's former employer was a governmental entity, the Union owes Plaintiff no duty of fair representation under federal law, and therefore Plaintiff has failed to state a claim

---

[2] Rogers did not attach a copy of the FWPTC/Amalgamated Transit collective bargaining agreement to her original or Amended Complaint. However, as the Defendants point out, the Court may consider the agreement (a copy of which the Defendants filed with their motion to dismiss–*see* ECF 38-1, pp. 3-60) since it is specifically mentioned in Rogers' Amended Complaint and is central to her claims. Defendants' Memorandum, p. 3 (citing *Herndon v. Housing Auth. of South Bend*, 2016 WL 8201134, at * 2, n. 2 (N.D. Ind. May 20, 2016) (document specifically mentioned in complaint that is central to plaintiff's claims is "properly considered part of the pleadings pursuant to Fed.R.Civ.P. 10©" and may be introduced by defendant on a motion to dismiss)).

3

against the Union or its officers." Motion to Dismiss, p. 1. The Defendants contend that:

> Plaintiff's amended complaint is styled as a claim for breach of the duty of fair representation and makes allegations consistent with such a claim. But . . . the complaint and the collective-bargaining agreement which it incorporates by reference make plain that Plaintiff cannot state such a claim against the Union or the individual defendants. Because the amended complaint does not state any other basis for liability under federal law, the Court should grant Defendants' Rule 12(b)(6) motion and dismiss Plaintiff's complaint in its entirety as to [all Defendants].

Defendants' Memorandum, p. 5. In other words, the Defendants argue that Rogers' Amended Complaint does not (and more importantly *cannot*) state a legally viable claim against them under the NLRA, rendering it facially insufficient and therefore subject to dismissal. The reason, according to the Defendants, is because Rogers' former employer, FWPTC, is a public employer and as such is "excluded from the definition of 'employer' in, and thus from the coverage of, the NLRA. 29 U.S.C. § 152(2); *NLRB v. Yeshiva University*, 444 U.S. 672, 704 n.17 (1980) ('the NLRA is not applicable to any public employer'). Thus the Union . . . owes its members no duty of fair representation enforceable by this Court. Plaintiff therefore fails to state a claim against the Union for breach of the duty of fair representation." *Id*., p. 4.[3]

The individual defendants argue that "regardless of whether the Union owed Plaintiff a duty of fair representation arising under federal law, there is no cause of action against individuals for breach of such a duty. *Evangelista v. Inland Boatmen's Union of Pac.*, 777 F.2d 1390, 1400 (9th Cir. 1985) (holding that the language of § 301(b) of the National Labor

---

[3] The Defendants correctly point out that "the Court may take judicial notice of the fact that FWPTC is municipal corporation. Ind. Code Ann. § 36-9-4-12; *Brockmeyer v. Fort Wayne Pub. Transp. Corp*., 614 N.E.2d 605, 606 (Ind.Ct.App. 1993) (noting FWPTC is a governmental entity)." Defendants' Memorandum, p. 3. The Court does so, although Rogers does not challenge this fact.

Relations Act and the Supreme Court's holding in *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962) that individual union members are immune from liability under . . . Section 301(b) 'also provide a shield for individual union members in suits for breach of the duty of fair representation'). *See also Bey v. Williams*, 590 F.Supp. 1150, 1154-55 (W.D. Pa. 1984), *aff'd without opinion*, 782 F.2d 1026 (3d Cir. 1986). Plaintiff fails to state a claim against the individual defendants, regardless of FWPTC's status as a public employer." *Id*., pp. 4-5.

Rogers' response in opposition to the motion to dismiss consists of a verbatim copy of her Amended Complaint, to which she adds at the end: "plaintiff . . . request[s] the court not dismiss this claim." Plaintiff's Response (ECF 40). Rogers does not address the Defendants' arguments directly (or even indirectly). That doesn't matter though, since the issue before the Court is not whether Rogers' Amended Complaint is factually sufficient to state a plausible claim, but whether it has any legal foundation in the first place. The Court agrees with the Defendants that it does not.

## STANDARD OF REVIEW

The Defendants bring their motion pursuant to Federal Rule 12(b)(6), which allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."

5

*Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court is also mindful that in ruling on the motion to dismiss, Rogers' *pro se* pleadings must be liberally interpreted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 816 (N.D. Ill. 2016), aff'd, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding *pro se*, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). Notwithstanding a plaintiff's *pro se* status, the Court must dismiss the complaint if, after drawing all reasonable inferences in favor of the plaintiff, it fails to state a legally sufficient claim.[4]

The Defendants do not rely on subsection (b)(1) of Rule 12, or even mention it anywhere in their motion or memorandum, but the Court concludes that this subsection also mandates dismissal of this case. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998); *see also*, *Gann v. Richardson*, 43 F.Supp.3d 896, 900 (S.D. Ind. 2014) ("The Federal Rules . . . command that courts dismiss any suit over which they lack subject

---

[4] Because Rogers is proceeding *pro se*, the Court sent her a Notice and Order on July 21, 2017, pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir.1992), cert. denied, 504 U.S. 957, 112 S.Ct. 2307 (1992), informing her that the motion to dismiss had been filed, explaining the basis for and purpose of the motion, and instructing her to file a response (which of course she did). Notice and Order (ECF 39).

matter jurisdiction–whether acting on the motion of a party or *sua sponte*.") (citing Fed.R.Civ.P. 12(b)(1)). As with a motion under Rule 12(b)(6), when assessing whether dismissal under Rule 12(b)(1) is appropriate, the court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Id*. (citing *Franzoni v. Hartmarx Corp*., 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). The standard for evaluating a facial challenge to subject matter jurisdiction is "the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Herndon v. Hous. Auth. of S. Bend*, 2016 WL 8201134, at *2 (N.D. Ind. May 20, 2016), aff'd in part, rev'd in part and remanded sub nom. *Herndon v. Hous. Auth. of S. Bend, Indiana*, 670 F. App'x 417 (7th Cir. 2016) (citing *Silha v. ACT, Inc*., 807 F.3d 169, 174 (7th Cir. 2015)). The district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citing *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F.Supp.2d 1069, 1074 (S.D.Ind. 2011)). In this case, as explained below, the claims Rogers is attempting to assert lack any legal foundation that would invoke this Court's subject matter jurisdiction and must be dismissed under Rule 12 for that reason.

## DISCUSSION

The National Labor Relations Act expressly states that "[t]he term 'employer' . . . shall *not include* . . . any State or political subdivision thereof, . . . or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152 (italics added). This provision bars Rogers' claims in this

7

case since the FWPTC, her former employer, is a public corporation. This issue has been addressed in factually similar cases, including *Brown v. Local 241 Amalgamated Transit Union*. In that case, Quinshela Brown was fired from her job as a bus driver for the Chicago Transit Authority. While she was employed she was represented by Amalgamated Transit Union Local 241. Brown sued the Union and various of its officers alleging, among other claims, that she was not adequately represented following her termination. The district court dismissed the suit for lack of jurisdiction. The Seventh Circuit affirmed, noting that Brown's employer, the CTA, was a public employer under Illinois law and therefore "the District Court had no jurisdiction over a claim that a public employer violated the duty of fair representation." *Brown v. Local 241 Amalgamated Transit Union*, 175 F.3d 1019, 1999 WL 239364, * 1 (7th Cir. 1999) (citing 29 U.S.C. §§ 152(2) and 185). The result was the same in *Bailey v. Johnson*, where the plaintiff sued her former employer, a county sheriff, and the union with which the sheriff's department had a collective bargaining agreement, asserting various claims arising out of the termination of her employment. Her claim against the union was for breach of the duty of fair representation and was founded on § 301, as is Rogers' claim against Amalgamated. The union argued that the claims against it should be dismissed for lack of subject matter jurisdiction and the district court agreed, explaining as follows:

> In Count VI of her complaint, Bailey contends that the Will County Sheriff's Office breached this provision of the collective bargaining agreement by discharging the plaintiff instead of restoring her to her former position. She also alleges that the Union breached its duty of fair representation by refusing to represent her and to process her grievance. The purported statutory and jurisdictional foundation for this claim is § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.
> . . .

> The Will County Sheriff's Office is not an employer within the meaning of the LMRA. "Public employees of the political subdivision of a state are not governed by the federal labor laws." *N.A.A.C.P., Detroit Branch v. DPOA*, 821 F.2d 328, 330 (6th Cir. 1987). An LMRA suit by a public employee against her public employer should be dismissed for lack of subject matter jurisdiction. *Jackson v. Temple Univ. of Com. Sys. of Higher Ed.*, 721 F.2d 931, 933 (3rd Cir. 1983).

*Bailey v. Johnson*, 1990 WL 77508, at * 1-2 (N.D. Ill. May 30, 1990). In *Burke v. New Mexico*, the plaintiff sued her former employer, the General Services Department of the state, alleging that it violated its collective bargaining contract with its union by taking unfounded disciplinary action against her. The district court dismissed the claim and the Tenth Circuit affirmed, holding that the plaintiff's "claim fails because she proposed suing GSD, which does not qualify as an employer under the LMRA. Specifically, the LMRA excludes from the definition of 'employer' 'any State or political subdivision thereof.' 29 U.S.C. § 152(2). . . . GSD is . . . a political subdivision of the State of New Mexico. Denial of leave to amend to pursue an LMRA claim was therefore appropriate." *Burke v. New Mexico*, 2017 WL 2473310, at *6 (10th Cir. June 8, 2017). *See also*, *Richards v. Ohio Civil Serv. Employees Ass'n.*, 205 F. App'x 347, 354 (6th Cir. 2006) (district court properly dismissed claims for lack of subject matter jurisdiction, because plaintiffs "were employees of the State of Ohio, and the LMRA expressly excludes public employers–and by association, public employees–from its coverage."); *Bourdon v. Canterbury*, 813 F.Supp.2d 104, 108, n. 4 (D.D.C. 2011), aff'd, 2012 WL 1155806 (D.C. Cir. Mar. 2, 2012) ("plaintiffs' attempts to invoke the LMRA . . . fail because that Act applies only to private sector labor relationships[.]") (citing *Pacific Mar. Ass'n v. Local 63, Int'l Longshoremen's & Warehousemen's Union*, 198 F.3d 1078, 1081 (9th Cir. 1999) (holding that the LMRA does not apply to public sector unions); *Richards v. Ohio Civil Serv. Employees Assoc.*, 205 Fed.Appx.

9

347, 354 (6th Cir. 2006) ("the LMRA expressly excludes public employers–and by association, public employees–from its coverage.")). As yet another court explained, "[t]he [Act] provides federal courts with jurisdiction over suits for violations of contracts between 'an employer' and a labor organization. 29 U.S.C. § 185(a). Thus, union members may generally bring suit in federal court against a union for breaching the duty of fair representation. However, states and political subdivisions thereof are specifically exempt from the definition of 'employer.'" *Gant v. Peterson*, 2013 WL 5770639, at *3 (E.D. Mich. Oct. 24, 2013) (citing 29 U.S.C. § 152(2) and *Richards*, 205 F.App'x at 355). The court in *Gant* also noted that "'[i]t is well settled that section 301 provides the basis for an action for breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union.'" *Id*. at * 4 (quoting *Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) and citing *Burrell v. Henderson*, 483 F.Supp.2d 595, 600 (S.D.Ohio 2007) ("It is well-settled case law that officers of labor unions cannot be held liable under § 301 of the [Act] in their individual capacity. Rather, 'section 301 only provides for actions against a union and not against individuals working on behalf of the union.'")).

      Rogers' Amended Complaint suffers the same fate as the ones just discussed and for the same reasons. Since Rogers cannot assert a § 301 against any of the Defendants in this case (including the FWPTC, even if it were a party to this suit), this Court lacks subject matter jurisdiction and this case must be dismissed. The result is the same under the Rule 12(b)(6) standard. Ordinarily, a court's dismissal of a complaint for failure to state a claim is *without* prejudice, which allows a plaintiff (especially a *pro se* plaintiff) an opportunity to amend her complaint to correct deficiencies. However, a Rule 12(b)(6) dismissal can be *with* prejudice if

circumstances warrant it. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]") (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)); *see also*, *Anderson v. Deutsche Bank National Trust Co.*, 2014 WL 6806891, at *2 (N.D. Ill. Dec. 2, 2014). In this instance, whether pursuant to Rule 12(b)(1) or 12(b)(6), dismissal with prejudice is warranted since Rogers' Amended Complaint fails to state a legally viable claim over which this Court can exercise jurisdiction, and also because it was her second bite at the apple and further amendment would be futile. "A district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile." *Naperville Smart Meter Awareness v. City of Naperville*, 114 F.Supp.3d 606, 610 (N.D. Ill. 2015) (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994); *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir.2012) ("District courts have broad discretion to deny leave to amend . . . where the amendment would be futile.")). The Court may also deny leave to amend for repeated failure to cure deficiencies by amendments previously allowed–such as failing to state a cognizable claim for relief. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (denying motion to amend due to futility where the amended complaint was still "pleaded in wholly conclusory terms" and failed the "plausibility threshold."). In this case Rogers amended her complaint once, to name FWPTC as a defendant, but the Amended Complaint did nothing to cure the jurisdictional defect that mandates dismissal. Since Rogers' claims are barred as a matter of law for the reasons discussed in this order, any further amendment would be futile.

## CONCLUSION

For the reasons discussed above, the motion to dismiss (ECF 37) filed by Defendants Amalgamated Transit Union, Ernest Johnson, Steve Sustek, Sheila Roberson, Christopher Phillip, and Robert Almarode is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

Date: October 11 , 2017.

 /s/   William C. Lee  
William C. Lee, Judge  
United States District Court  
Northern District of Indiana
